COMMONWEALTH *vs.* RENE TORRES. March 5, 2014. *Controlled Substances. Constitutional Law,* Plea, Conduct of government agents. *Due Process of Law,* Plea, Presumption. *Practice, Criminal,* Plea, Conduct of government agents, Presumptions and burden of proof. *Evidence,* Guilty plea, Certificate of drug analysis, Presumptions and burden of proof.

This case is remarkably similar to *Commonwealth* v. *Scott, ante* 336 (2014), also decided today. The Commonwealth appeals a grant of the defendant's motion to vacate his guilty plea under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), in a case arising out of the revelation of the wrongdoing of Annie Dookhan, a chemist at the William A. Hinton State Laboratory Institute's forensic drug laboratory (Hinton drug lab) from 2003 to 2012. The full extent of the investigation into Dookhan's conduct is set forth in *Scott, supra* at 338-342, and reveals multiple deliberate breaches of laboratory and testing protocols by Dookhan as well as her falsification of test results for forensic evidence samples in an unknown, and likely unidentifiable, number of drug cases until her June, 2011, reassignment out of the Hinton drug lab.[1]

Similar to the defendant in *Scott*, the defendant here was charged with possession of a class B controlled substance ("crack" cocaine) under G. L. c. 94C, §§ 31 and 34.[2] The defendant entered into a plea agreement with the Commonwealth before Dookhan's misconduct came to light. Also as in *Scott*, Dookhan signed a certificate of drug analysis on the line labeled "Assistant Analyst" in the defendant's case identifying the substance found in his possession as crack cocaine. Upon learning of the investigation into Dookhan's conduct, the defendant filed a motion to withdraw his guilty plea, which was granted. The Commonwealth appealed, and we granted the Commonwealth's application for direct appellate review.

For all the reasons set forth in *Scott*, we vacate the grant of the defendant's motion to withdraw his plea. We remand the case to permit the defendant to take advantage of the conclusive presumption we have set forth in *Scott* and to allow the trial court judge to consider whether the defendant can show a reasonable probability that had he known of the allegations against Dookhan at the time of his plea, he would have refused to plead guilty and insisted on going to trial.

The order granting the defendant's motion to withdraw his guilty plea is vacated, and the case is remanded for further proceedings in light of *Scott, supra*.

*So ordered.*

---

[1]See *Commonwealth* v. *Scott, ante* 336, 337 n.3 (2014).

[2]The defendant also was charged with possession of a class D controlled substance (marijuana), in violation of G. L. c. 94C, § 34; unlicensed operation of a motor vehicle, in violation of G. L. c. 90, § 10; and a civil motor vehicle infraction, in violation of G. L. c. 90, § 14B. These charges were dismissed.

*Vincent J. DeMore*, Assistant District Attorney, for the Commonwealth.

*Dana Alan Curhan* for the defendant.

*Emma A. Andersson & Ezekiel R. Edwards*, of New York; *Emily A. Cardy & Eric Brandt*, Committee for Public Counsel Services; *& Matthew R. Segal & Elizabeth A. Lunt*, for Committee for Public Counsel Services & others, amici curiae, submitted a brief.